M. S. WILLIS *v.* H. S. & J. BIRDSEL AND F. A. & C. A. NOURSE.

**Lien—Purchase Money—Suit to Foreclose—Necessary Parties.**

Mrs. Jarvis conveyed the legal title to a house and lot, adjudged to be sold, to one M. S. Willis, and upon which F. A. & C. A. Nourse held liens for purchase money, which M. S. Willis undertook to pay as part of the consideration of the purchase. Held, that in a suit to foreclose the lien, the personal reperesntative or heirs-at-law of Mrs. Jarvis were not necessary parties.

**Partnership—Disclosing Name of Individual Parties.**

Unless the real names of the individual partners to a partnership are disclosed, the creditors will be presumed to have supposed the business was owned by those in control of, and who conducted same, as their individual place of business.

**Fraudulent Conveyance—Husband and Wife—Creditors.**

O. F. Jarvis and wife, E. C. Willis and wife and J. H. Bryant, were partners in the drug business, and on dissolution, finding they were badly involved, agreed that in consideration of one of the partners assuming to pay (verbally) a debt of $1,000.00 and $150.00, respectively, to appelles, O. F. Jarvis and wife executed and delivered to E. C. Willis a deed to a house and lot, the consideration being $1,150.00, the amount of the two debts the deed being made in the name of Mrs. E. C. Willis. The testimony showed that Mrs. Willis really did not know what the consideration for the deed was, nor what the contract between her husband and Jarvis was, only so far as had been communicated to her by her husband. Her claim of the consideration being $500.00 she originally put in the drug business is not corroborated by the evidence. Held, that for all the uses of the creditors of Bryant & Co., the husbands of the two feme covert partners must be held liable and that the house and lot must be regarded as the property of the insolvent husband, and the wife holding as his trustee in derogation of the rights of creditors.

APPEAL FROM HICKMAN CIRCUIT COURT.

January 14, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Mrs. Jarvis having conveyed the legal title to the house and lot, adjudged to be sold, to appellant, and the claim of appellees F. A. & C. A. Nourse being for unpaid purchase price due from Mrs. Jarvis which appellant undertook to pay as part of the considera-

tion of her purchase, and as these appellees were seeking to enforce their lien, it was not essential to have before the court either the personal representative or heirs at law of Mrs. Jarvis, and we perceive no error as to their judgment.

It is evident that though Mrs. Jarvis and Mrs. M. S. Willis, the appellant, were the co-partners of Bryant in the drug business conducted under the style of J. H. Bryant & Co., yet as the business was controlled by the husbands of these two ladies, and no publication being made to the world who were the real partners, the creditors supposed the firm consisted of Bryant and Mr. Willis.

It is made also to appear that when Bryant & Co. dissolved, the debt to the Birdsels for $1,000 was then due from Bryant & Co., and it was agreed between O. F. Jarvis and E. C. Willis that the latter should pay this debt and also the debt for $150 to the Nourses, and the consideration recited in the deed from Jarvis and wife to Mrs. Willis is $1,150—the precise amount of the principal of these debts, and Mrs. Willis concedes that her understanding was that she was to pay the $150 outstanding unpaid purchase price to Nourses. E. C. Willis was certainly insolvent and probably O. F. Jarvis was in the same condition, for he seems to have signed the deed to Mrs. Willis and caused his wife to do so, at Mr. Willis' request, without seeing that any lien was retained for the unpaid consideration, and made it to Mrs. Willis when he says all the previous transactions had been in the name of Willis alone, and Mrs. Willis' name was brought in for the first time when he and his wife signed the deed.

Mrs. Willis shows that she really did not know what the consideration for the deed was, nor what the contract between her husband and O. F. Jarvis *was,* only so far as he communicated them to her, and he seems not to have been very communicative, explicit or accurate as to these. Her account of the consideration paid, that is, the $500 originally put into the drug store, is not corroborated by the deed or the parol evidence, and is evidently the result of incorrect information or misunderstanding on her part, and as it may be fairly presumed that the family had to be supported mainly from the drug store, it is quite improbable that any profits had accrued to her, especially that her capital had doubled in less than a year, when the firm could not or had not paid its outstanding liability for stock.

It is palpable that for all the uses of the creditors of the firm

of Bryant & Co. the husbands of the two *feme covert* partners must be held liable, and that this house and lot must be regarded as the property of her insolvent husband, and she holding as his trustee in derogation of the rights of the creditors, greatly strengthened by the moral fact that this was also her debt, although it may not have existed in precisely that shape, that would render her legally liable or subject her general estate.

This view of the subject renders needless any investigation of the mortgage executed by O. F. Jarvis, of this house and lot, to the Birdsels to secure their debt, but which was unacknowledged by him, and unsigned by his wife, the legal title being in her, when the deed to Mrs. Willis was made, though Mr. Willis was informed when he purchased the house and lot that it was so mortgaged, and he then undertook to pay the mortgage debt.

Seeing no error in the judgment, it is affirmed.

*Lindsey & Moss, for appellant.*

*Rodman & Bradleys, for appellees.*